IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:17-CV-00312-BO

| | |
|---|---|
| RONALD TOLAND, JR., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SUNTRUST BANK, ) <br> ) <br> Defendant. ) | **CONSENT PROTECTIVE ORDER** |

THIS CAUSE came on to be heard upon the joint motion of Plaintiff Ronald Toland, Jr. ("Plaintiff") and Defendant SunTrust Bank ("Defendant") and it appearing to the Court that discovery and the trial in this action may involve the production and disclosure of confidential, proprietary, personal and/or sensitive information requiring protection against unrestricted disclosure or use;

THEREFORE, IT IS HEREBY STIPULATED, AGREED, AND ORDERED that, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the following confidentiality provisions shall govern all information and documents disclosed in discovery in this action:

1. Certain information and documents to be produced by Plaintiff and Defendant during discovery in this litigation may contain personal, medical, or financial information, trade secrets or other proprietary,

confidential research, development, or commercial information that should be considered confidential and protected from unreasonable disclosure pursuant to Fed. R. Civ. P. 26(c).

2. The information and documents to be considered as confidential and disclosed only in accordance with the terms of this Consent Protective Order ("this Order") shall include, without limitation, all documents or information, to include deposition testimony, whether in hard copy or electronic form designated in accordance with the terms of this Order and supplied in response to the demands or requests of either party, formal or informal, regardless of whether said information is produced or disclosed by a party or by any affiliated person or entity, or formerly affiliated person or entity.

3. All information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -ATTORNEYS' EYES ONLY" in accordance with the terms of this Order and disclosed in discovery in this action shall be used or disclosed solely for purposes of prosecuting or defending this litigation and shall not be used or disclosed for any other reason or purpose whatsoever, and such use or disclosure may be made only as provided herein.

4. "Discovery Material" shall mean and include any document, or portions thereof, (whether in hard copy or computer readable form), thing,

deposition testimony, interrogatory answers, responses to requests for admissions and/or production, or other information provided in discovery in this action. For purposes of this proceeding, parties and nonparties may designate material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS EYES ONLY." Such Designation shall constitute a representation to the Court that counsel believes in good faith that the information (1) constitutes information subject to protection under Rule 26(c) and (2) that there is good cause for the same to be protected from public disclosure. Discovery Material designated "CONFIDENTIAL" shall mean and include all information subject to protection under Fed. R. Civ. P. 26, whether personal or business-related. Certain limited types of "CONFIDENTIAL" information may be alternatively designated, as defined and detailed below, as "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY." The "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" designation shall be reserved for confidential information that constitutes, reflects, or concerns trade secrets, know-how or proprietary data, and business, financial, or commercial information, the disclosure of which is likely to cause harm to the competitive position of the party making the confidential designations of Discovery Material. "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information, as used in this Order, shall refer to any information so designated.

3

5. All information designated "CONFIDENTIAL" shall be maintained in confidence by the parties to whom such information is produced or given, shall be used solely for the purposes of this litigation, and shall not be disclosed to any person except:

    a. The Court and other people whose involvement is required by the litigation process (including court reporters, stenographic reporters and videographers, and court personnel);

    b. The attorneys of record, their partners, employees, and associates of outside counsel (collectively hereafter referred to as "Outside Counsel");

    c. Plaintiff, officers or employees of Defendant, and necessary non-party witnesses provided, that such parties shall receive such "CONFIDENTIAL" information solely on a "need to know" basis for purposes of prosecuting or defending this litigation and for no other purposes;

    d. Subject to the terms of Paragraph 13 below, experts and their staff, contractors, and litigation support personnel and their staff retained by Outside Counsel in this litigation;

    e. Individuals, including but not limited to the former employees, agents, consultants, or independent contractors of the parties,

who authored or prior to the commencement of this litigation received the designated Discovery Material; and

  f. Any other person as to whom the producing party agrees in writing prior to such disclosure.

 6. All information designated as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall be maintained in confidence for use by the attorneys of the parties, shall be used solely for the purposes of this litigation, and shall not be disclosed to any person except those listed in subparagraphs 5(a), (b), (d), and (f) above.

 7. Nothing in the Order shall be taken as assent by a non-producing party that designated information is in fact "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure. If counsel for the non-producing party believes that a confidentiality designation is not appropriate or justified, counsel for the non-producing party will notify counsel for the producing party of its belief that the information should not be so designated or should be disclosable to persons other than those allowed by this order. A party shall not be obligated to challenge the propriety of a designation at the time made, and the failure to do so shall not preclude a subsequent challenge thereto. Such a challenge shall be written, shall be

served on counsel for the producing party, and shall particularly identify the documents or information that the receiving party contends should be differently designated. The parties shall use their best efforts to resolve promptly and informally such disputes. If the parties do not reach agreement on the correct designation of the information within ten (10) business days of service of a challenge, the non-producing party may file a motion with the Court setting forth the non-producing party's reasons as to why the designation should be changed. At all times it shall be the burden of the designating party to show why the designation is proper. Unless and until the Court issues a ruling that the information may be disclosed to persons other than those authorized by this Order, the contested designation shall remain in place and treated consistently with the terms of this Order.

8. Nothing in this Order shall preclude any party from applying to this Court for relief from any provision hereof, or from asserting that certain discovery materials should receive greater confidentiality protection than that provided herein, in accordance with Rule 26(c) of the Federal Rules of Civil Procedure.

9. No designation of documents as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall be effective unless there is placed or affixed on such document a "CONFIDENTIAL" or

"HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" notice or the equivalent. Where practicable, such notice shall be placed near the Bates number. In the case of computer, audiovisual, or other electronic or magnetic medium, such notice shall be placed on the medium and its protective cover, if any. Testimony given at a deposition or hearing may be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" in accordance with the provisions of Paragraph 16 of this Order. Any designation that is inadvertently omitted from a document or testimony may be corrected by written notification to opposing counsel, but any disclosure prior to such notification shall not be a violation of this Order.

10. All "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information shall be maintained under the control of Outside Counsel, who shall be responsible for preventing any disclosure thereof except in accordance with the terms of this Order.

11. Before filing any information that has been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" with the Court, the party desiring to file the materials shall file with the Court a Motion to Seal, specifying the interests which would be served by restricting public access to the information. Documents submitted under seal in accordance with this paragraph will remain under seal pending the Court's

ruling. Before filing any Confidential Information with the Court, or any pleadings, motions or other papers that disclose any such information, counsel shall confer with producing party's counsel about how the Confidential Information should be filed. If the producing party desires that the materials be filed under seal, then the filing party shall file the materials in accordance with Local Rule 79.2(e), with notice served upon the producing party. The filing of the materials under Local Rule 79.2(e) is not binding upon the Court. Within ten (10) days of service, the producing party shall file with the Court a Motion to Seal and supporting memorandum of law specifying the interests which would be served by restricting public access to the information. The party who initially filed the materials with the Court need not file a Motion to Seal or otherwise defend another party's desire that the materials remain sealed. Documents submitted under seal in accordance with this paragraph will remain under seal pending the Court's ruling. If the producing party does not timely file a Motion to Seal, then the materials will be deemed unsealed, without need for order of the Court.

Each time a party seeks to file under seal confidential documents, things, and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying: (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the Court to determine

the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and (e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the Court.

In addition, when a party seeks to file confidential documents, things, and/or information, including confidential portions of any transcript, a party shall submit such materials to the Court in a sealed envelope or other appropriately sealed container, which covering shall be endorsed with the title of this action and a statement substantially in the following form: "Filed Under Seal Pursuant to Protective Order."

12. Information produced by non-parties during the course of this action may be designated under this Order by such non-party or by a party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" by following the procedures set forth herein or may be deemed so confidential as not to be disclosed under any circumstances. Information so designated and produced by third parties shall thereafter be treated by the parties in the same manner as if produced with such designation by a party.

A producing non-party shall have all the rights of a producing party with respect to protection of information under the terms of this Order. The provisions of this Order for challenging the designation by a party are applicable to challenges to designations by non-parties.

13. Prior to disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information to any third parties, to include persons employed to act as outside consultants or experts, translators, or interpreters in this action, counsel for the party seeking disclosure shall require such persons to read this Order and execute a Nondisclosure Agreement in the form attached hereto as Exhibit A, the original of which shall be maintained by counsel for the party seeking disclosure. In addition, counsel for the party seeking disclosure shall comply with the following:

a. Nothing in this Order shall be construed as requiring: i) that routine outside suppliers of litigation support services such as photocopying, scanning, or coding execute the attached Nondisclosure Agreement; or ii) that the opposing party utilizing such services must disclose the identity of such service suppliers to the opposing party or counsel.

b. Nothing in this Order shall be construed as requiring that the identity of graphics preparation and presentation consultants, witness

preparation consultants, jury consultants, or trial presentation consultants be disclosed to the opposing party or counsel.

14. Nothing in this Order shall prevent or restrict any person from using or disclosing in any manner its own "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -ATTORNEYS' EYES ONLY" information that it has produced in this litigation.

15. Nothing in this Order shall prevent disclosure beyond the terms of this Order of any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information if the parties to this action and, if applicable, the non-party from which the material originated, consent, or if the Court, on motion filed by the party seeking to make disclosure, orders that disclosure be made. Any party may at any time request the Court, after notice to the opposing party and to the non-party from which the material originated, if applicable, to modify or grant relief from any provision of this Order or to place additional restrictions on the use of any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" information.

16. Information disclosed at a deposition may be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" by indicating on the record at the deposition that the information is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES

ONLY" and is subject to the provisions of this Order. All such portions of the transcript shall be appropriately marked by the court reporter and shall be treated by the parties as set forth herein. Testimony in a deposition may also be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" by notifying the deposing party in writing within twenty-one (21) days of the receipt of the transcript of those pages and lines or those exhibits that are "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," as the case may be. No deposition may be read by anyone other than the deponent, the attorneys for the parties, and those qualified to see "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" material under Paragraph 6 during the twenty-one (21) day period following a deposition unless otherwise agreed upon among the attorneys. Upon being informed that certain portions of a deposition disclose either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information, each party must cause each copy of the transcript in its custody or control to be marked immediately.

17. Violation by any person of any term of this Order or of the Nondisclosure Agreement may be punishable as contempt of court. Any person or entity that produces "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS EYES' ONLY" information in response to a discovery request or subpoena in this action is intended to be a beneficiary of

this Order and of the Nondisclosure Agreement, and may pursue all remedies available for violation thereof. No provision of this Order shall be deemed to require any person or entity not a party to this action to respond to any discovery request or subpoena, except as may otherwise be required by law. Nothing in this Order shall prevent or prohibit any party or non-party from seeking such additional or further protection as it deems necessary to protect documents or information subject to discovery in this action.

18. Nothing herein and no action taken under this Order shall constitute a waiver or admission that any specific document, material, testimony, or thing: (1) is relevant and subject to discovery; (2) is or is not a trade secret or confidential proprietary information; (3) constitutes or does not constitute confidential records; or (4) is or is not admissible in evidence at trial or at any hearing. The production of any documents or information that the producing party claims to be privileged shall be governed by the facts and applicable law.

19. Upon the final termination of this litigation, including any appeals, the parties have sixty (60) days within which they may petition the Clerk of Court to return to the party that filed them all "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information, and documents and things containing "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL - ATTORNEYS' EYES ONLY" information that have been filed under seal with the Court. Any and all originals and copies of Discovery Materials designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall, at the request of the producing party, be returned to the party within sixty (60) days after a final judgment herein or settlement of this action, or, at the option of the producing party, destroyed in that time frame, except that Outside Counsel for each party may maintain in its files one copy of each pleading filed with the Court, each deposition transcript together with the exhibits marked at the deposition, and documents constituting work product which were internally generated based upon or which include "CONFIDENTIAL" information or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information. Further, Outside Counsel for each party may maintain in its files one copy of each item of Discovery Material and documents constituting work product which were internally generated based upon or which include "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information to the extent reasonably necessary to preserve a file on this litigation for purposes of compliance with applicable state bar rules of professional conduct and counsel's malpractice carrier requirements. Any such archival copies that contain or constitute material designated "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" remain subject to this Order.

Upon receipt of any subpoena for such information, the party receiving the subpoena shall immediately notify Outside Counsel for the producing party of the subpoena so that the latter may protect its interests. In the event that documents are returned to or destroyed at the request of the producing party, the other party or its Outside Counsel shall certify in writing that all such documents have been returned or destroyed, as the case may be. The parties should agree to reasonable extensions of time to complete the return of the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information, if necessary.

20. The restrictions set forth in any of the preceding paragraphs of this Order shall not apply to information that:

    a. was, is, or becomes public knowledge not in violation of this Order; or

    b. was lawfully possessed by the non-designating party prior to the date of this Order.

21. This Order shall continue in full force and effect after the termination of this litigation, including all appeals, and the Court shall retain jurisdiction as necessary to enforce the terms of this Order. This Order shall be subject to revocation or modification by order of the Court, upon written stipulation of the parties, or upon motion and reasonable notice,

including opportunity for a hearing and presentation of evidence should the Court so decide.

22. The parties agree to submit this Order for entry by the Court and to be bound by the terms prior to entry by the Court.

So ORDERED this the 13 day of October, 2017.

The Honorable Terrence W. Boyle
United States District Judge

CONSENTED TO:

/s/ Elizabeth C. Stone
Elizabeth C. Stone
NC State Bar Number 36690
Williams Mullen
301 Fayetteville St., Suite 1700
Raleigh, NC 27601
T: 919-981-4000
F: 919-981-4300
ecstone@williamsmullen.com
*Attorney for Defendant*
*SunTrust Bank*

/s/ Suzanne Begnoche
Suzanne Begnoche
NC State Bar Number 35158
Suzanne Begnoche, Attorney at Law
PO Box 2035
Raleigh, NC 27515
T: 919-960-6108
F: 919-500-5289
suzanne.begnoche@begnochelaw.com
*Attorney for Plaintiff*
*Ronald Toland, Jr.*

EXHIBIT A

The undersigned, having read the Consent Protective Order (the "Protective Order") entered in this action, understands the terms thereof, and intending to be legally bound thereby, agrees as follows:

1. All information and documents disclosed to the undersigned pursuant to the Protective Order shall be used only in connection with the above-captioned action (the "Litigation") and shall not be used for any business or other purpose.

2. Such information and documents shall be disclosed to and discussed only with the parties' outside counsel and other persons so authorized pursuant to the terms of the Protective Order, who have in accordance with the provisions of the Protective Order executed a similar Nondisclosure Agreement. Neither such documents or information nor information acquired or extracted from such documents or information will be divulged or made accessible to any other person, company, firm, news organization, or any other person or entity whatsoever, except in compliance with the Protective Order and this Nondisclosure Agreement. This Nondisclosure Agreement does not limit the right of the signatory to testify at trial in this action or to prepare documents or other materials for submission at trial in this action.

3. The undersigned agrees to take all appropriate and necessary precautions to avoid loss or inadvertent disclosure of documents or information covered by the Protective Order.

4. The undersigned further agrees to return all information and documents in his or her possession or control (including all abstracts, summaries, descriptions, lists, synopses, pleadings, or other writings reflecting or revealing such information) and covered by the Protective Order, to the attorney from whom he or she received such documents and information within thirty (30) days after the termination of this Litigation, including all appeals, or within thirty (30) days after the undersigned is no longer associated with this Litigation, whichever comes first.

5. The undersigned acknowledges that a violation of the terms of the Protective Order may subject the undersigned and/or his/her employer to sanctions, including, but not limited to, punishment for civil contempt.

Dated: _____     _____
                                   Signature

                                   _____
                                   Printed Name

                                   _____
                                   Title

                                   _____
                                   Employer(s)